### Thompson *versus* Towle.

A vendor of personal property impliedly warrants the title.

As a general rule, he cannot be a witness, in support of a suit, in which his vendee is attempting to recover for the value of the property against a third person.

His interest is not balanced, although such third person, in a suit by himself against the witness, had, without the consent of the witness, given credit for the property, and taken his judgment only for the balance of his claim.

EXCEPTIONS from the District Court.

Assumpsit to recover for a bonnet, alleged to have been sold to the defendant.

The plaintiff offered Mrs. Page as a witness. Though objected to, she was admitted. Her testimony was *that*, as agent for the plaintiff, she sold the bonnet to the defendant; *that* it was the plaintiff's property; *that*, in 1846, she purchased articles of the plaintiff, among which was this bonnet, in her own name and on her own credit; *that*, in 1847, she mortgaged the same property to the plaintiff to secure the purchase money; *that* she was, in the mortgage, appointed

his agent to sell the goods ; *that* this suit is brought by his direction ; *that* she is the wife of Samuel Page, with whom she lives, and who permits her to do business for herself and to use his name when necessary ; and *that* the mortgage was signed by herself in her own name and also in *his* name with his *consent.* The mortgage was received in evidence by consent.

The defendant proved that, after the service of this writ upon him, he sued said Samuel Page on an account, in which he credited Page for this bonnet, and recovered judgment for the balance only.

The verdict was for the plaintiff, and the defendant excepted.

*Wilson,* for the defendant.

*Kelley* and *McCrillis,* for the plaintiff.

WELLS, J. — According to the case of *Paine* v. *Tucker & al.* 21 Maine, 138, the authority of Mrs. Page to execute the mortgage, it being an instrument under seal, and not made in the presence of her husband, Samuel Page, could not be proved by parol evidence. Her testimony would not be sufficient to show a valid execution of the mortgage. But the defendant subsequently offered it in evidence, and by the agreement of the parties it was received. Her testimony therefore respecting its execution was rendered immaterial. But aside from the question of her authority to make the mortgage, her evidence tended directly to establish the title of her husband to the property embraced in it. In the sale of personal property there is an implied warranty of title on the part of the vendor, and he cannot be a witness for his vendee in an action involving the title, on account of his interest to sustain it. As the husband could not be a witness for the plaintiff to sustain his title to the property, neither could the wife, because they have a community of interest.

The title having passed to the plaintiff by a mortgage, does not make the witness any the less interested, for if the plaintiff recovers, then the debt, to secure which the mortgage

was given, is satisfied *pro tanto*. and if he fails of recovering on the ground that the mortgager did not own the property, the debt would remain unpaid to that extent.

But it is contended by the plaintiff's counsel, that the interest of the witness is balanced. There does not appear to be any claim made, except for one item, the other having been returned. After the commencement of this suit, the defendant brought an action against Samuel Page, gave him credit for the article in dispute, without having purchased it of him, and took judgment against him for the balance due on account, by default.

If the plaintiff recovers, the defendant will not be at liberty to commence an action against Samuel Page to recover back the amount of the item credited. That credit must remain until the judgment is reversed. And the defendant having commenced his suit and voluntarily given the credit, with a full knowledge of the plaintiff's claim, and without any fault on the part of Page, would probably find it difficult to obtain a review of that action, and an amendment, by striking out the item credited in his account. The liability of Page to the plaintiff, if he fails in his suit, owing to a defect in the title of Page, is certain, but if the defendant fails, it is not equally so as to him ; it is in reality altogether uncertain, for it would depend upon the success of the defendant in obtaining and prosecuting a review. The interest of the witness was not therefore balanced, and she was incompetent. And as a new trial must be granted for this cause, it becomes unnecessary to consider the other question in the case, in relation to the refusal of the Judge of the District Court, to entertain the motion made concerning an indorser of the writ.

*Exceptions sustained, and new trial granted.*